# EXHIBIT B

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM             INDEX NO. 161140/2022
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 12/29/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NICOLE ROSPOND

              Plaintiff(s),

-against-

SIGNATURE BANK

              Defendant(s).

Index No.

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

SIGNATURE BANK
565 FIFTH AVENUE
NEW YORK, NY 10017

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is  Defendant's place of business
which is  565 Fifth Avenue, New York, NY 10017

Dated:  New York, NY

December 28, 2022

SCHWARTZ PERRY & HELLER LLP

by _____
Davida S. Perry
Attorneys for Plaintiff

3 Park Avenue
Suite 2700
New York, NY 10016
212-889-6565
dperry@sphlegal.com

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1
INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
NICOLE ROSPOND,

                    *Plaintiff*,

     -against-

SIGNATURE BANK,

                    *Defendant*.
-----------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

     Plaintiff Nicole Rospond, as and for her Verified Complaint, all upon information and belief, respectfully alleges as follows:

### IDENTITY OF THE PARTIES

     1.     At all relevant times mentioned herein, Plaintiff Nicole Rospond ("Rospond"), was employed by Defendant Signature Bank ("Signature") until her unlawful termination on August 25, 2022.

     2.     At all relevant times mentioned herein, Signature is a New York based full service commercial bank with private client offices throughout New York, California and North Carolina that is supervised by the New York State Department of Financial Services.

     3.     Rospond worked out of Signature's offices in the County, City and State of New York.

### BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

     4.     Rospond commenced her employment with Signature in May 2009, as Group Director/Senior Vice President.

     6.     At all relevant times herein mentioned, Rospond was fully qualified for her role and performed her duties in a manner that was fully acceptable to Signature.

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1
INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

7. During her tenure at Signature, Rospond, on a number of occasions, observed that, when her male colleagues engaged in misconduct or other questionable conduct, they essentially received a slap on the wrist from Signature and were permitted to continue their employment without interruption.

8. For example, Cliff Broder and Alex Chervony were accused of engaging in a $1 million wire fraud scheme and Brian Hallinan was accused of discrimination that led to Signature paying a six-figure settlement to the complainant, yet all three men continued to be employed by the Bank.

9. On Friday, August 12, 2022, Rospond received a request for a wire transfer from a long-standing client.

10. There was nothing about the request that raised any red flags for Rospond and she began to process it.

11. Rospond could not complete the transfer, however, because the client did not answer the phone when Rospond called several times to verify the request on a recorded line.

12. Despite this fact, Rospond's male colleague, Kevin Hardiman ("Hardiman"), completed the wire transfer without the client's recorded approval, which he should not have done, since he was in a rush to leave early that day.

13. The following morning, Rospond learned that the client had never requested the wire transfer and that it had been the product of fraud, and Rospond took immediate steps to recall the wire so that the client and the Bank did not suffer a loss.

14. After several days of working with Signature's fraud department, Rospond received confirmation that the funds were returned to the client.

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1
INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

15. Nevertheless, on August 22, 2022, Rospond was advised that a meeting was scheduled for her with Andrew Corrado ("Corrado"), Head of NY PCG Administration and Assistant to the President, for the following day, which meeting was rescheduled by Corrado to August 25, 2022.

16. On August 25, 2022, Corrado terminated Rospond because of the fraudulent wire request, although it was the wrongful conduct of her male colleague, Hardiman, that resulted in the wire being sent.

17. Hardiman was not terminated by Signature for his malfeasance, which was motivated, at least in part, by Signature's protection of male employees.

18. Rospond was treated less well than the male employee who had improperly processed the fraudulent wire transfer, and less well than male employees who had committed far more egregious acts yet were not terminated, so that Signature's acts constitute gender discrimination under the New York City Human Rights Law.

19. As a result of Signature's discriminatory conduct, Rospond has been caused to suffer injuries resulting in emotional anguish and suffering, and has been humiliated, demeaned and otherwise degraded because of Signature's outrageous conduct in violation of Rospond's human rights, all of which impacted her well-being and the quality of her life.

20. Here, Signature's conduct towards Rospond shows that it acted with willful or wanton negligence, or recklessness, or a conscious disregard of Rospond's rights under the New York City Human Rights Law, or that its unlawful actions against Rospond were so reckless as to amount to a disregard of Rospond's rights, so that, in addition to all the damages inflicted upon her and in addition to all the measure of relief to which Rospond may properly be entitled herein,

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1

INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

Signature should also be required to pay punitive damages as punishment for its discriminatory conduct, in order to deter Signature and others similarly situated from engaging in such conduct in the future.

## AS AND FOR A CAUSE OF ACTION ON BEHALF OF ROSPOND AGAINST SIGNATURE BANK FOR GENDER DISCRIMINATION IN VIOLATION OF §8-107(1)(a) OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. Rospond repeats, re-alleges and incorporates in full paragraphs 1 through 20 of this Complaint as though fully set forth at length herein.

22. At the time that Rospond was subjected to the discriminatory conduct described herein, she was in a protected class under the New York City Human Rights Law because of her gender.

23. Throughout the time of her employment with Signature, Rospond was fully qualified for her position and was in a position to continue working in that capacity for the remainder of her career.

24. Signature treated Rospond less well because of her gender, as confirmed by the fact that it terminated her for her involvement in the fraudulent wire transfer request when the actual fact was that her male counterpart is the individual who actually processed the wire so that Signature protected the male employee from adverse action at the expense of Rospond, all of which gives rise to an inference of gender discrimination.

25. The aforementioned acts of Signature constitute unlawful gender discrimination against Rospond in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §8-107(1)(a) (referred to herein as "The New York City Human Rights Law"), which provides, *inter alia* that:

4

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1
INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

> It shall be unlawful discriminatory practice . . .[f]or an employer or an employee or agent thereof, because of the gender . . . of any person . . . to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

26. As a result of 's violations of the New York City Human Rights Law §8-107(1)(a), Signature is liable to Rospond pursuant §8-502(a) of said statute for "damages, including punitive damages," and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

27. As a result of Signature's discriminatory conduct, Rospond has suffered both financial loss and emotional distress damages, which Rospond alleges to be in the amount of Two Million Dollars ($2,000,000).

28. Here, Signature's conduct toward Rospond shows that it acted with willful or wanton negligence, or recklessness, or a conscious disregard of Rospond's rights under the New York City Human Rights Law, or that its unlawful actions against Rospond were so reckless as to amount to a disregard of Rospond's rights, so that in addition to the financial loss and emotional distress suffered by Rospond, Signature should also be required to pay punitive damages as punishment for its reprehensible conduct in the further amount of Three Million Dollars ($3,000,000) in order to deter Signature and others similarly situated from such conduct in the future.

29. Rospond, therefore, seeks judgment against Signature in the amount of Five Million Dollars ($5,000,000), plus costs, pre-judgment interest and reasonable attorney's fees on this cause of action.

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1

INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

**WHEREFORE**, Plaintiff Nicole Rospond demands judgment against Defendant Signature Bank on the cause of action in the sum of Two Million Dollars ($2,000,000) in compensatory damages and the additional and further sum of Three Million Dollars ($3,000,000) in punitive damages, for a total of Five Million Dollars ($5,000,000), plus pre-judgment interest, the costs of this action and reasonable attorney's fees; and for such other relief as this Court deems just and proper.

SCHWARTZ PERRY & HELLER, LLP
*Attorneys for Plaintiff*

By: _____
DAVIDA S. PERRY
BRIAN HELLER
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565

FILED: NEW YORK COUNTY CLERK 12/29/2022 09:32 AM
NYSCEF DOC. NO. 1

INDEX NO. 161140/2022
RECEIVED NYSCEF: 12/29/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
NICOLE ROSPOND,

                *Plaintiff*,

-against-

SIGNATURE BANK,

                *Defendant.*
-----------------------------------------------------------------X

Index No.:

**VERIFICATION**

STATE OF NEW YORK  )
                            )ss.
COUNTY OF NEW YORK  )

    NICOLE ROSPOND, being duly sworn, says:

    I am the Plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                                    _____
                                                    NICOLE ROSPOND

Sworn to me this 28th,
day of December 2022

_____
NOTARY PUBLIC

JOSEPHINE C. ANTONECCHIA
Notary Public, State of New York
No. 01AN4869670
Qualified in Westchester County
Certificate filed in New York County
Commission Expires September 8, 20_26_

7